## ASHBY v. MILLIGAN.

### Opinion delivered November 27, 1916.

1. APPEAL AND ERROR—ABSENCE OF MOTION FOR NEW TRIAL AND BILL OF EXCEPTIONS.—Where no motion for new trial or bill of exceptions appear on the record, on appeal, only errors apparent on the face of the record will be reviewed.

2. JUSTICES OF THE PEACE—EXTENT OF JURISDICTION.—A justice of the peace has jurisdiction only coextensive with his county, and cannot issue process to be served upon a defendant in another county.

3. APPEAL FROM JUSTICE COURT—LACK OF JURISDICTION—HOW SHOWN.— A defendant may, on appeal to the circuit court, show by extrinsic evidence that the justice court had no jurisdiction over him.

4. INFANTS—APPEARANCE—HOW ENTERED—SERVICE.—A minor cannot enter his appearance to an action, nor can it be entered for him; he must be properly served with process before the court can acquire jurisdiction over his person.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Earl C. Casey* and *McCaleb & Reeder,* for appellant.

1. The court, in sustaining the motion to quash could only act on the record of the justice, and the authority must appear from the face of the transcript. The court erred in sustaining the motion. 21 Ark. 457.

2. Appellee waived his right by failing to file motion to quash, or other plea. 3 Ark. 436; 7 *Id.* 100; 48 *Id.* 100; 56 *Id.* 45.

3. By appealing, Milligan made himself a party. 1 Ark. 55; 45 *Id.* 295; 25 *Id.* 99; 87 *Id.* 230; 101 *Id.* 124;

85 *Id.* 431; 46 *Id.* 251.   He also moved for a continuance.
By filing said motion and a demurrer, and demanding
a jury trial, and going into the merits, he waived any
want of process or service.   62 Ark. 144; 38 *Id.* 102; 43
*Id.* 545; 4 *Id.* 70; 39 *Id.* 95; 14 *Id.* 234; 35 *Id.* 276; 56
*Id.* 45; 2 R. C. L. 329.

4.   If the circuit court had no jurisdiction, it erred
in rendering judgment for costs.   10 Ark. 265; 102
*Id.* 511.

*S. M. Bone* and *I. J. Matheny,* for appellee.

1.   There being no motion for new trial on bill of
exceptions, there is nothing for this court to review.   93
Ark. 382; 122 Ark. 148; Kirby's Digest, § 6215.

2.   Appellee is a minor and the justice had no
power to render judgment against him until a defense
was made for him by his guardian.   Kirby's Digest, §
6023, and notes cited.

3.   Going to trial on the merits does not constitute
a waiver of objections to venue or service.   77 Ark. 413.

HART, J.   John Ashby sued Elmer Milligan before
a justice of the peace in Independence county to recover
the balance of the purchase money for certain corn
which he alleges he sold to Milligan.   Ashby recovered
judgment against Milligan for $10, and the latter ap-
pealed to the circuit court.

The transcript of the justice of the peace shows
that Milligan made a motion to dismiss the cause of
action on the ground that he was a minor and that his
motion was overruled.   It is also shown that he de-
murred to the jurisdiction of the court on the ground
that he was not a resident of the county.   He then filed
a set-off in the action and after judgment took an appeal
to the circuit court.   In the circuit court, Milligan
moved the court to quash the service of summons, and
to dismiss the action.   The court sustained his motion
and rendered a judgment quashing the service of sum-
mons upon him and setting aside the judgment of the
justice of the peace as void.   The plaintiff Ashby has
appealed to this court.

(1-3)  No motion for a new trial was filed, and no bill of exceptions taken.  Hence, under the long and well settled procedure of this court, we can only review for errors which appear from the face of the record.  It is contended by counsel for the plaintiff that the circuit court, in sustaining the defendant's motion to quash the service on him and dismiss the plaintiff's cause of action, could act only on the record of the justice of the peace, and the circuit court's authority for so doing must appear from the face of the transcript filed by the justice of the peace.  We do not agree with counsel in this contention.  The justice of the peace had only jurisdiction co-extensive with his county and could not have issued process to be served upon the defendant in another county.  Kirby's Digest, sections 4553 and 4558.  The defendant might have shown by extrinsic evidence even in the face of a recital in the judgment of a justice of the peace, that he was served with process in another county, and that the court had no jurisdiction over him.  *Townsly-Myrick Dry Goods Co.* v. *Fuller,* 58 Ark. 181; *Jones* v. *Terry,* 43 Ark. 230; *Levy* v. *Ferguson Lumber Company,* 51 Ark. 317.

(4)  But it is contended by counsel for the plaintiff that the defendant entered his appearance to the action by taking an appeal from the judgment rendered against him in the justice of the peace court.  The defendant may have shown in support of his motion that he was a minor, and that he was a non-resident of the county in which he was sued, and this is precisely what his counsel said he did do.  There being no bill of exceptions and no motion for a new trial, every presumption in favor of the judgment must be indulged in.  A minor can not enter his appearance to an action; nor can it be entered for him.  He must have been properly served with process before the court can acquire jurisdiction over his person.  *Johnson* v. *Johnson,* 84 Ark. 307; *Gannon* v. *Moore,* 83 Ark. 196; *Nunn* v. *Robertson,* 80 Ark. 350.

It follows that the judgment must be affirmed.