MARKHAM *v.* EVANS.

5-3699                                       397 S. W. 2d 365

Opinion delivered December 20, 1965.

[Rehearing denied January 24, 1966.]

*Bob Scott,* for appellant.

*Jeff Duty,* for appellee.

JIM JOHNSON, Associate Justice. This appeal involves an action to recover for room and board for three head of cattle and damage to a meadow.

The case originated in the Justice of the Peace Court of War Eagle Township, Benton County.

From the record it appears that the cattle were the next door neighbors of appellees Len Evans and his wife. The cattle were ranging on land owned by appellants Tom E. Markham and wife. In the absence of the owners of the land who were residents of Sebastian County the cattle evidently determined that the grass was greener on the other side of the fence and proceeded to invite themselves in. Upon discovering the strangers on their property appellees took them in. The cows were impounded and given tender (if not loving), expensive care. After a time appellees became weary of their uninvited guests and sought compensation for their hospitality, including damages to the fescue grass in their meadow.

Upon a verbal complaint before the local magistrate appellees asked for a judgment against appellants in the amount of $295.00. The justice issued summons to the constable of Sebastian County for appellants, which was served in Sebastian County. Prior to hearing, appellants filed a motion to quash services of summons. The motion was overruled and judgment against appellants was entered.

Appellants then filed their affidavit for appeal, reserving their objection to the jurisdiction of the court, which appeal was lodged with the Circuit Court of Benton County, and again raised their objection to the jurisdiction of the Court, which was sustained. The circuit court then reversed its order quashing the service of summons and setting aside the judgment of the justice of the peace, ordered the cattle sold at public auction and the proceeds deposited with the clerk of the court. The cattle were sold for humane reasons, without objection, and the money was deposited as ordered.

The Chancellor of Benton County, sitting as circuit judge on exchange, then overruled the motion to quash, holding the record to be insufficient to rule on the matter, since the summons had not been included in the record.

The chancellor further ordered the justice to complete and correct the record by certifying a copy of all process and papers filed in the justice court, including a copy of the summons issued and served, within one week, which was complied with by the justice of the peace.

Appelants then revived their special appearance and motion to quash service of summons, which was sustained by the chancellor, setting aside the judgment of the justice of the peace.

Appellees then filed a petition against the circuit clerk in order to obtain the funds which had been deposited with the circuit clerk, and a demurrer to that petition filed by the circuit clerk was sustained. Appellees then filed another petition asking the court to render judgment in favor of appellees in the amount of $400.00, on in the alternative to have the money held by the circuit clerk delivered to appellees. Judgment was rendered on this petition in favor of appellees. This appeal followed.

For reversal appellants contend here as they have obviously contended every step of these proceedings that neither the justice of the peace of War Eagle Township nor the Benton Circuit Court had jurisdiction of the persons of appellants, or either of them, and the judgment rendered against appellants is void ab initio.

With this contention we agree. The jurisdiction of the justice of the peace is coextensive with the county in which he is elected or appointed, or county wide. Ark. Stat. Ann. § 26-305 (Repl. 1962). A justice of the peace has only jurisdiction within his county and may not issue process to be served upon a defendant in any other county. *Ashby* v. *Milligan*, 126 Ark. 118, 189 S. W. 1059.

The jurisdiction of the circuit court, in any appeal from the justice of the peace, is derived from and is dependent upon the appeal, and the circuit court may not exercise its original jurisdiction. The circuit court, in its appellant jurisdiction, may not render any judgment which the justice of the peace could not have rendered originally. *Whitesides* v. *Kershaw, & Driggs,* 44 Ark. 377.

In the absence of jurisdiction to render an in personam judgment against appellants, it follows that the judgment here is void from the beginning. This being true we are confronted with the question of what to do with the money derived from the sale of the cattle. Appellees contend that appellants are the owners of the cattle. Appellants have yet to contend either way. (Of course their appeal in this case indicates their claim to the cattle.) We view the money as standing in the stead of the cattle. The state of the record being thus, we are impelled to the conclusion that the case must be reversed and the cause remanded to the Benton Circuit Court with directions to impound the money in the registry of the court, there to be held subject to the claims of the owners or the claims of appellees properly pursued under our estray or other laws.

Reversed and remanded with directions.

GEORGE ROSE SMITH J. concurs in the result.