Diane FANT *v.* Charles L. DANIELS, Director of Labor, and MARIANNA LAUNDRY

E 80-75                                                    605 S.W. 2d 473
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

DAVID NEWBERN, Judge. In this employment security benefits case, we must interpret Ark. Stat. Ann. § 81-1106(a) (Supp. 1979). That section disqualifies persons who volun-

tarily leave their jobs without good cause connected with the work, with the proviso that:

> [N]o claimant shall be disqualified under this subsection if he has voluntarily left his last work to accompany, follow, or join the other spouse in a new place of residence if he has clearly shown upon arrival at the new place of residence, an immediate entry into the new labor market and is, in all respects, available for suitable work.

The appellant left her job at Marianna Laundry to join her spouse at Iuke, Mississippi, December 19, 1979. She registered for work with the Mississippi Employment Security Agency on January 14, 1980. She does not dispute the fact that she did not in any way attempt to enter the labor market between December 19, 1979, and January 14, 1980. Rather, her contention both here and below is that businesses were closed during the holiday seasons and she had numerous household chores made necessary by the move and including entering her children in their new school. She candidly states she was not available for work during that period, and that it would not have been appropriate for her to have registered for work before January 14, 1980.

The board of review has determined the appellant did not enter the labor market "immediately" upon her arrival at her new home. Given the claimant's admissions we cannot say the board's conclusion was incorrect. Of course, the term "immediately" must be interpreted reasonably, but we do not deem it unreasonably to have held that the appellant did not comply when she failed to register with the agency or otherwise failed to seek employment for 26 days after arrival at her new residence. Her contention that she was not available for work during that time strengthens the board's conclusion.

Affirmed.