Merrily COONEY *v.* Charles L. DANIELS,
Director of Labor, and the
UNIVERSITY OF ARKANSAS

E 80-101                                        606 S.W. 2d 615
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellee.

James H. Pilkinton, Judge. This is an appeal from the denial of a claim for unemployment benefits.

The appellant resigned from her job as a secretary with the University of Arkansas on January 3, 1980. Her primary reason for quitting was to follow her husband to a new place of residence. He had taken a job in Akron, Ohio. The appellant arrived at her new place of residence on January 5, 1980, but she did not file a claim or register with the Ohio employment agency until February 6, 1980.

On February 21, 1980, the Arkansas Employment Security Agency denied her benefits under Section 5(a) of the Arkansas Employment Security Law [Ark. Stat. Ann. § 81-1106(a) (Repl. 1976)] as it was determined she voluntarily quit her last work to follow her spouse to a new place of residence, but did not, in all respects, become fully available for work. Claimant appealed that determination.

Evidence for the Arkansas Appeal Tribunal was taken in Akron, Ohio, on April 4, 1980, and on April 17, 1980, the Appeals Referee for the Arkansas Employment Security Division affirmed the decision of the Agency denying claimant benefits under Section 5(a). On May 15, 1980, the Board of Review upheld the decision of the Appeal Tribunal denying appellant benefits.

Appellant has now appealed to this court and, although it is not totally clear what her points on appeal are, the thrust of her argument seems to be that there is no substantial evidence to support the Board of Review's decision.

A review of the record shows that appellant arrived in Akron on January 5, 1980. She spent the first week to ten days getting her home organized and her children in school. Around January 14, 1980, the appellant started looking for work, first, by sending out resumes in response to job ads in the newspapers. During the week ending January 19, 1980, the appellant first began to actively seek work according to the record. The appellant went to the federal building to check on Civil Service employment, and she also checked with the Firestone Company about employment. Firestone informed appellant that she needed to go to the local employment office to apply for a job with their company. On February 6, 1980, the appellant went to the local unemployment officer to register for employment. While she was in the unemployment office, she was referred to the unemployment insurance section, and she then applied for unemployment compensation. This was just over a month after her arrival in Ohio.

Ark. Stat. Ann. § 81-1107(d)(7) makes the findings of the Board of Review, as to the facts, conclusive, if supported

by evidence and in the absence of fraud. Judicial review is confined to questions of law, and we must give the successful party the benefit of every influence that can be drawn from the testimony, viewing it in the light most favorable to the successful party, if there is any rational basis for the Board's findings based on substantial evidence. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978). Even though there is evidence upon which the Board of Review might have reached a different result, the scope of judicial review is limited to a determination whether the Board could reasonably reach its results upon the evidence before it and a reviewing court is not privileged to substitute its findings for those of the Board even though the court might reach a different conclusion, if it had made the original determination upon the same evidence considered by the Board. *Harris* v. *Daniels, supra*. Even if the evidence ·is undisputed, the drawing of inferences is for the Board, not the courts. *Harris* v. *Daniels, supra*.

The Board of Review found that claimant did not immediately reenter the labor market within the meaning of Section 5(a). Although we are sympathetic with appellant's claim, we find there is substantial evidence to support the decision of the Board of Review, and therefore must affirm.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Judge, concurring. I believe the issue in this case is not whether there is substantial evidence to support the Board's determination. There was no factual dispute. The question, rather, is one of interpretation of the term "immediately" as it is used in Ark. Stat. Ann. § 81-1106(a) (Repl. 1976).

Had it been the intent of the General Assembly to permit a spouse time to do the kinds of chores, incident to moving, that took this appellant's time just after her move, I believe the words "within reasonable time" would have been used. The words "immediately" does not permit the kind of delay which occurred here, *Fant* v. *Daniels, et al.*, 270 Ark. 424, 605 S.W. 2d 473 (Ark. App. 1980), therefore, I concur in the result.