W.C. LEE CONSTRUCTION *v.* Dewey STILES,
Director of Labor, and Kendall HUDSON

E 84-89                                683 S.W.2d 616

Court of Appeals of Arkansas
Division I
Opinion delivered January 30, 1985

*Hall & Rogers,* by: *Rick Rogers,* for appellant.

*George Wise, Jr.,* for appellee.

DONALD L. CORBIN, Judge. Appellant, W. C. Lee Construction Company, the former employer of Kendall Hudson, appeals from the decision of the Board of Review allowing Hudson unemployment benefits. It is appellant's contention that Hudson was not fired because of his religious beliefs but for misconduct connected with the work. We affirm.

Appellee Kendall Hudson is a member of the Seventh Day Baptist religion which religion observes its Sabbath on Saturday. Among the teachings of this religion is a proscription against work on the Sabbath. On Friday, May 6, appellant informed its employees that they would be required to work on Saturday, May 7. The employees were also told that if they did not show up for work on this date they would be fired. Appellee Hudson did not appear to work on Saturday and was discharged the following Monday. Appellee Hudson filed and was awarded unemployment benefits by the Agency pursuant to Ark. Stat. Ann. § 81-1106(b)(1) (Supp. 1983). Appellant appealed to the Appeal Tribunal and a hearing was held. It affirmed the Agency's decision and appellant appealed to the Board of Review. Pursuant to an order of remand by the Board of Review, the Appeal Tribunal conducted two separate tele-

phone hearings to allow appellant an opportunity to submit additional evidence and to allow appellee Hudson the opportunity to rebut.

The employer testified that appellee Hudson was discharged for his refusal to work on a Saturday during an emergency. Appellee Hudson testified that his refusal to work was based upon his religious observance of Saturday as the Sabbath. Appellee Hudson stated that it was agreed at the time of his employment that he would work Saturdays only in cases of an emergency. Appellant testified that it was necessary for appellee Hudson to work on that Saturday because the construction of a facility for the immediate storage of twelve million pounds of fresh cucumbers was behind schedule.

The issue on appeal is whether there is substantial evidence to support the Board of Review's decision that appellee Hudson was discharged for reasons other than misconduct in connection with his work. Whether there is substantial evidence to support the Board's findings is a question of law. *Cooney* v. *Daniels,* 270 Ark. 930, 606 S.W.2d 615 (Ark. App. 1980). A reviewing court is not privileged to substitute its findings for those of the Board of Review even though the court might reach a different conclusion if it had made the original determination upon the same evidence considered by the Board. *Stagecoach Motel* v. *Krause,* 267 Ark: 1093, 593 S.W.2d 495 (Ark. App. 1980).

Ark. Stat. Ann. § 81-1106(b)(1) provides that an employee is disqualified from receiving unemployment compensation benefits if he is discharged from his last employment for misconduct in connection with the work. In order for an employee's action to constitute misconduct so as to disqualify him, the action must be a deliberate violation of the employer's rules, an act of wanton or willful disregard of the employer's interest, or a disregard of the standard of behavior which the employer has a right to expect of the employees. *Brewer* v. *Everett,* 3 Ark. App. 59, 621 S.W.2d 883 (1981).

In *Willis Johnson Co.,* v. *Daniels,* 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980), this Court stated that:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations. [citation omitted.]

Whether or not the acts of the employee are willful and wanton or merely result from inefficiency, unsatisfactory conduct or unintentional failure of performance, is a question of fact for the Board of Review to determine. *Arlington Hotel* v. *Emp. Sec. Div.*, 3 Ark. App. 281, 625 S.W.2d 551 (1981).

The Board of Review in the case at bar specifically found that appellee Hudson's refusal to work on the Saturday in question was based upon a good-faith religious belief and that his actions did not contain the necessary element of willfulness in disregard of the employer's interests. Appellant contends that appellee Hudson was not discharged because of his religious beliefs but because he refused to work when it was made known to him that he was needed on a Saturday. Appellant also argues that appellee Hudson never explained that not working on Saturday was a cardinal principle of his religion. Appellee Hudson testified to the contrary. It is well settled that the determination of credibility of witnesses and the drawing of inferences is for the Board and not for this Court. *Willis Johnson Co., supra.* In the case at bar the Board obviously resolved the conflicts of testimony and the credibility of the witnesses in favor of appellee Hudson and we find no error in this regard.

After a review of the record, we are satisfied that there is substantial evidence to support the Board's decision awarding benefits to appellee Hudson on a finding that appellee Hudson was discharged for reasons other than misconduct connected with the work.

Affirmed.

MAYFIELD and GLAZE, JJ., agree.