Kenneth BAKER *v.* DIRECTOR of Arkansas Employment Security Department

E 92-32                                                                      832 S.W.2d 864

Court of Appeals of Arkansas
Division I
Opinion delivered June 24, 1992

*Appellant*, pro se.

*Ronald A. Calkins*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Kenneth Baker appeals from a decision of the Arkansas Board of Review denying him benefits on finding that he had been discharged from his last employment for misconduct connected with the work on account of dishonesty. He challenges the sufficiency of the evidence to support the Board's findings. We find no error and affirm.

Misconduct in connection with one's work, as used in our statute, has been defined as meaning more than mere inefficiency or unsatisfactory conduct; it is some act of wanton or willful disregard for the employer's interest, a deliberate violation of the employer's rules, or a disregard of the standard of behavior that the employer has a right to expect of his employees. *Dillaha Fruit Company* v. *Everett*, 9 Ark. App. 51, 652 S.W.2d 643 (1983). The misconduct found in this case was dishonesty, which has been defined as a disposition to lie, cheat, or defraud; untrustworthiness; lack of integrity. *Olson* v. *Everett*, 8 Ark. App. 230, 650 S.W.2d 247 (1983). Determining whether a claimant had been guilty of misconduct on account of dishonesty is a question of fact for the Board of Review to determine. *Id.*

On appeal of unemployment compensation cases, this court views the evidence in the light most favorable to the findings of the Board and will affirm if those findings are supported by substantial evidence. *Exson* v. *Everett*, 9 Ark. App. 177, 656 S.W.2d 711 (1983). The credibility of witnesses and the drawing

of inferences from the testimony is for the Board of Review, not this court. *W.C. Lee Construction Co.* v. *Stiles*, 13 Ark. App. 303, 683 S.W.2d 616 (1985).

The evidence in this case reflects that appellant was employed by the Arkansas Department of Correction as a security guard at its "boot camp" facility. At the time appellant was hired, the department of correction had a rule that it would not employ anyone in that capacity who did not have a high school diploma or its equivalent, and that only those persons meeting that educational qualification would be considered for the job. Appellant admitted that he was aware of that rule at the time he made application for employment. Nevertheless, he submitted a job application in which he falsely represented that he had completed the twelfth grade and received a diploma from Mills High School. Sometime later, appellant was interviewed on his application for a promotion. Appellant's responses to questions regarding his educational level were at first evasive and "[t]he rest of the interview, he was in a daze." Soon thereafter, appellant told the interviewer that he had not completed high school, but he claimed that Warden Ray Hobbs, the hiring officer, was aware of that fact. A subsequent investigation by the department confirmed that appellant had not graduated from Mills High School, and Warden Hobbs denied that he had ever been made aware of the true facts. Appellant was then discharged, in accordance with rules of the agency, for falsification of his job application.

On this evidence, the Board of Review found that appellant had intentionally falsified his application to obtain employment that he otherwise would not have obtained, and thereby furthered his own economic interest at the expense of his employer. The Board concluded that appellant was discharged from his employment for misconduct connected with the work on account of dishonesty and denied his claim for benefits. From our review of the record, we cannot conclude that the Board's findings are not supported by substantial evidence.

The case before us is distinguishable in many respects from *Olson* v. *Everett, supra*. When the appellant in *Olson* made application for his job, the employer did not supply an application for or otherwise make inquiry as to his physical condition. However, the appellant attached to his resume a form of his own,

which contained the following: "Physical record: List any physical defects. [Answer:] OK." Several months later, the appellant suffered an epileptic seizure at his home. When the employer was notified of the condition, the appellant was terminated because he had not disclosed his illness at the time of the hiring. The Board of Review denied benefits on finding that the appellant had been discharged for misconduct connected with the work on account of dishonesty.

On appeal, this court reversed the Board's decision because we could find no substantial evidence to support a finding that the appellant had intentionally lied to the employer or had otherwise been dishonest with him. The evidence disclosed that although the appellant had a history of epilepsy, he had had no manifestation of it for at least ten years prior to the signing of the application. The employer had not asked the appellant whether he suffered from epilepsy, seizures, or related symptoms, or any other questions regarding his health. Nor had the employer relied upon the statement that the appellant submitted. The employer testified that had he known of the appellant's condition, he still would have hired the appellant.

■ Here, the employer supplied a job application form on which appellant willfully falsified an answer that he knew to be material to the employment. In finding that action deceitful, the Board also referred to appellant's subsequent attempts to conceal and/or explain his prior conduct with additional false statement. From our review of the record, we cannot conclude that there is no substantial evidence to support the Board's finding that appellant's conduct constituted misconduct in connection with the work.

Affirmed.

JENNINGS, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the decision reached by the majority. I do not, however, find this case significantly different from *Olson* v. *Everett*, 8 Ark. App. 230, 650 S.W.2d 247 (1983), in which I dissented. There, the appellant was fired for failing to disclose the fact that he was epileptic — which was a dishonest act. Here, the appellant was

fired because he falsely represented he had received a high school diploma — which was a dishonest act. The real difference in the two cases, it seems to me, is the result reached by this court.