Linda S. COCKRELL *v.* DIRECTOR, Arkansas Employment
Security Department

E 99–68                                                    992 S.W.2d 181

Court of Appeals of Arkansas
Opinion delivered June 16, 1999

*Appellant*, pro se.

*Phylliss Edwards*, for appellee.

P ER CURIAM. Linda S. Cockrell has asked this court to
reconsider our denial of her motion for belated appeal of
a decision denying her unemployment benefits. Her appeal from
the Board of Review was required to have been filed with this
court within twenty days, or no later than Thursday, March 18,
1999, but was not received by the Clerk until Monday, March 22,
1999. Mrs. Cockrell, who lives in Fort Smith, provided a copy of
a postmarked envelope proving that she mailed her appeal from
there on the twentieth day.

In her motion, she expresses the belief that she has been
treated unfairly and that we have denied her appeal because we
don't want to "fool with it." With respect to the members of this
court, nothing could be further from the truth.

■ ■ This court has no authority to extend the deadline for filing a petition for review from a decision by the Board of Review, *see Wooten v. Daniels*, 271 Ark. 131, 607 S.W.2d 96 (1980), or indeed for any appeal. The timely filing of a notice of appeal is necessary for this court to have jurisdiction of a case on appeal. *EARP v. Benton Fire Dep't.*, 52 Ark. App. 66, 914 S.W.2d 781 (1996). This court is often required to review petitions for belated appeal from people who, like Ms. Cockrell, have been denied unemployment benefits. Many of these appeals have been filed on the twenty-first day, or only one day late. The claimants are seldom represented by an attorney. We take no pleasure in closing our door to these claimants, and we often do so with great reluctance and only after much discussion. Indeed, we grant these motions if at all possible. For example, where the claimant has shown by a postmarked envelope that the Board of Review's decision was mailed later than the date appearing on the decision, we have allowed the appeal to go forward if timely filed within twenty days of the actual mailing.

Many of these requests for belated appeal are handwritten and tell of the dire financial condition of the unemployed workers and their families. Without regard to the merits of these appeals, it is not a pleasant duty for us to deny these claimants their day in court.

We agree with Ms. Cockrell, however, that the appeals process can and should be made fairer to these litigants in one respect; the notice that is sent to them by the Board of Review should be revised to clarify what is meant by the term "filed." Appeals from both the agency determination and from the appeal tribunal to the Board of Review are also required to be "filed" within twenty days. However, they are considered timely, when mailed, if *postmarked* on the twentieth day. Arkansas Code Annotated section 11-10-524 (Supp. 1997) provides that such appeals, "If mailed, . . . shall be considered *to have been filed* as of the date of the postmark on the envelope." Appeals to the Board of Review are governed by Ark. Code Ann. § 11-10-525, which refers back to section 524 on the matter of timeliness.

However, this rule changes with the final appeal to this court; we cannot accept appeals that are postmarked timely but not received within twenty days. In this regard, the notice to claimants accompanying the Board of Review's decision states in pertinent part, "The decision will become final unless, WITHIN TWENTY (20) CALENDAR DAYS OF THE DAY THE DECISION WAS MAILED, a petition for review . . . is filed with the Arkansas Court of Appeals." Although the word "filed" is a term whose meaning would clearly be understood by an attorney, there is nothing in the Board's notice to put the claimants, unrepresented by counsel, on notice that the rules for "filing" have suddenly changed, and that the postmark on their appeal no longer has any legal significance.

We suggest that the following language be added, also in bold type, to the notice currently used by the Board of Review:

> YOUR PETITION CANNOT BE CONSIDERED UNLESS IT IS *ACTUALLY RECEIVED* BY THE COURT OF APPEALS ON OR BEFORE THE 20TH DAY AFTER THE MAILING DATE SHOWN ON THE LAST PAGE OF THE ENCLOSED DECISION.

If this suggestion were taken, perhaps this court would have fewer occasions to deny these belated appeals, and we would feel a little less discomfort when we are required to do so.

Motion denied.