# BALDOR ELECTRIC COMPANY *v.* ARKANSAS EMPLOYMENT SECURITY DEPARTMENT

E 00-73                                              27 S.W.3d 771

Court of Appeals of Arkansas
Division I
Opinion delivered October 11, 2000

*Chris S. Campbell*, for appellant.

*Allan Franklin Pruitt*, Legal Section, for appellee.

WENDELL L. GRIFFEN, Judge. Baldor Electric Company appeals the award of unemployment benefits to William Releford. Releford was awarded unemployment benefits by the Arkansas Appeal Tribunal, and the award was affirmed and adopted by the Arkansas Board of Review.

Releford worked for Baldor operating a press as part of a winding team from November 1997 until September 1999. He was

terminated after pleading no contest to his second charge of domestic battering, a Class D felony, for which he received a three-year suspended sentence.[1] Releford was terminated pursuant to Baldor's "past practice" of terminating employees who plead guilty to or are found guilty of a felony.

A telephone hearing was conducted before the Arkansas Appeal Tribunal. Releford did not appear. Chris Campbell, Baldor's plant manager, testified that the purpose of its termination policy was to protect employees from violence in the workplace and to provide a safe workplace. Baldor argued that because this was Releford's second violent offense, Baldor could be liable for negligent retention of an employee who was known to be violent if it retained him and he harmed another employee. The Tribunal found a nexus between the conduct that led to appellant's felony charge and Baldor's desire to promote a safe working environment. However, the Tribunal found there had been no evidence presented that Releford's off-duty conduct harmed the employer or was done with the intent or knowledge that Baldor's interests would suffer. Thus, the Tribunal found that Releford's off-duty conduct did not constitute misconduct in connection with his work and awarded Releford unemployment benefits pursuant to Arkansas Code Annotated section 11-10-514(a) (Supp. 1999).

Baldor appealed, and the Arkansas Board of Review affirmed and adopted the Tribunal's decision. The Board, in addition, amended the Tribunal's decision to note that although Campbell indicated that missing work for jail time constituted a breach of its attendance policy, the evidence did not establish that such a breach occurred, or would have occurred; therefore, the Board found that "attendance is also not a basis for a finding of misconduct in this case." The Board concluded that Releford was discharged from his last job for reasons other than misconduct connected with work, and thus, was entitled to receive unemployment benefits.

■■ On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (Supp.1999). Substantial evidence is

---

[1] His first battering charge was apparently a misdemeanor. Arkansas Code Annotated section 5-26-305 (Supp. 1999) provides that if a person within the past five years has committed domestic battering in the first, second, or third degree, a subsequent charge of domestic battering is a Class D felony.

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Victor Indus. Corp. v. Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *See Feagin v. Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *See Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

■ Arkansas Code Annotated section 11-10-415 (Supp. 1999) provides that, "If so found by the Director of the Arkansas Employment Security Department, an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work." In *Feagin v. Everett, supra*, this court adopted the test for determining when an employee's off-duty activities constitute misconduct in connection with work so as to render him ineligible for unemployment benefits. First, there must be a nexus between the employee's work and his off-duty activities. *Id.* at 69, 652 S.W.2d at 845. Second, the employee's off-duty activities must have harmed his employer's interests. *Id.* at 70, 652 S.W.2d at 845. Finally, the employee's conduct must have violated some code of behavior between the employee and the employer, and the violative behavior must have been performed with the intent or knowledge that the employer's interests would suffer. *Id.* at 71, 652 S.W.2d at 845-46. The code of behavior need not be a formal written contract, but may consist of reasonable rules and regulations of which the employee had knowledge and was expected to follow. *Id.*, 652 S.W.2d at 846.

■■ This court has stated that misconduct requires "some act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, or a disregard of the standard of behavior the employer has a right to expect of its employees." *Baker v. Director*, 39 Ark. App. 5, 6, 832 S.W.2d 864, 865 (1992). We have also stated that mere inefficiency, unsatisfactory conduct, failure of good performance as a result of inability or incapacity, inadvertence, ordinary negligence or good-faith error in judgment are not considered misconduct for unemployment purposes unless they are of such a degree of recurrence as to manifest

culpability, wrongful intent, evil design, or intentional disregard of an employer's interest. *See Arlington Hotel v. Employment Sec. Div.*, 3 Ark. App. 281, 625 S.W.2d 551 (1981).

◼ Given these standards, we must affirm the decision of the Board of Review. The fact that Releford pleaded no contest instead of pleading guilty or being found guilty is not dispositive. It is the violent conduct that led to the felony charge that provided the nexus to the workplace, not the nature of the plea. Violence in the workplace is of paramount concern to employers. An employee's violent propensities have a definite nexus with the employer's desire to maintain a safe work environment as well as its desire to avoid the negligent retention of a violent employee.

◼ It is true that not all felonies involve the commission of a violent act, but that does not render Baldor's policy unreasonable. In this case, Baldor's termination policy was a long-standing practice of which Releford was admittedly aware. He stated on his application for unemployment benefits that he was discharged pursuant to "normal policy" and was aware that a felony conviction would result in his discharge. Thus, there was a nexus between Releford's conduct and his work, and he violated a reasonable standard of conduct of which he was aware and of which his employer had a right to expect from its employees.

However, we affirm because there was no evidence presented that Releford acted with the intent or knowledge that his employer's interests would suffer or that his behavior harmed his employer. *See Dray v. Director*, 55 Ark. App. 66, 930 S.W.2d 390 (1996) (holding employer failed to prove employee's conduct harmed employer's interests). The incident did not occur at the workplace; the victim of the domestic abuse was not a Baldor employee; and Campbell testified that Releford had never acted violently toward his coworkers. There was no proof that Releford intended to harm any interest of the employer or that any interest was actually harmed.

◼ Therefore, we hold that substantial evidence supports the Board finding that Baldor failed to show Releford intentionally or knowingly acted to harm its interests or that he, in fact, harmed his employer's interests. Accordingly, Releford is entitled to receive unemployment benefits.

Affirmed.

JENNINGS and HART, JJ., agree.