Cindy D. BENNETT *v.* DIRECTOR,
Employment Security Department, and
North Arkansas Human Services System, Inc.

E 00-255                                    42 S.W.3d 588

Court of Appeals of Arkansas
Division I
Opinion delivered April 18, 2001

*Appellant*, pro se.

*Phyllis Edwards*, for appellee.

L ARRY D. VAUGHT, Judge. Appellant Cindy Bennett appeals from an adverse ruling of the Board of Review denying her unemployment benefits. The first hearing in this case was held on March 29, 2000, before the Appeal Tribunal, which resulted in a favorable decision for appellant. The second hearing was on July 18, 2000, before the Board of Review on the timeliness of the employer's appeal. The last hearing was held on September 27, 2000, from which this appeal is taken. On March 7, 2001, we remanded this case to the Board of Review to supplement the record to include the transcript of the July 18 hearing so that we could examine the issue of the timeliness of appellees' appeal from the Appeal Tribunal's decision. Because we find that the appeal to the Board of Review was untimely, we reverse its decision for lack of jurisdiction.

A detailed recitation of the facts is not necessary because we do not reach the merits of the appeal. Appellant had been employed by appellee North Arkansas Human Services System for approximately seven years when she submitted a letter of resignation. At the time she resigned, she told her manager that her position could be performed in twenty hours per week instead of forty hours. She later retracted her resignation and was allowed to continue working. After about two weeks she was informed that she would be performing the job of roaming secretary in addition to her regular job. The new position would require her to travel. The Appeal Tribunal found that she had not agreed to travel when she was hired and that the travel requirement constituted a significant change in the job duties to such an extent that the average worker would be compelled to quit. Based on these findings, the Appeal Tribunal awarded benefits to appellant.

The decision of the Appeal Tribunal was handed down on March 29, 2000, and mailed to the parties on March 30, 2000. Appellees had twenty days from the date the decision was mailed to file a notice of appeal. Ark. Code Ann. § 11-10 524 (a)(1) (Supp. 1999). The notice is timely filed if it is postmarked by the twentieth day. However, if the appeal is not filed within twenty days and the Board of Review finds that the late filing is "beyond the control" of the appealing party, the filing may be deemed timely. Ark. Code Ann. § 11-10-524(a)(2).

In this case, the employer's appeal to the Board of Review was postmarked June 27, 2000, which is eighty-nine days from the date the decision was mailed. The Board found that the filing was timely because the delay was beyond the control of the employer. A timely notice of appeal is necessary for the appellate court to have jurisdiction of a case on appeal. *Cockrell v. Director,* 67 Ark. App. 132, 992 S.W.2d 181 (1999). This court's jurisdiction is derived from the appeal, and we may not render any judgment that the Board of Review could not have rendered. *See Markham v. Evans,* 239 Ark. 1154, 397 S.W.2d 365 (1965).

The Board of Review held a hearing on July 18, 2000, to determine the timeliness of the appellee's appeal. Ms. Lamons, the employer's representative, testified that she prepared the notice of appeal on April 10, 2000, and ran it through the postage meter that day. The envelope introduced into evidence reflected the April 10 meter stamp. Ms. Lamons further stated that "Someone else carries it to the post office." The envelope had a postmark of June 27, 2000, and there was no evidence presented by the employer of how

or when the envelope was taken to the post office. The Board found that the late filing was beyond the control of the employer.

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (Supp. 1999). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Baldor Electric Co. v. Arkansas Employment Sec. Dep't,* 71 Ark. App. 166, 27 S.W.3d 771 (2000). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

In this case, there was no substantial evidence presented to sustain the Board's finding that the employer's late filing was beyond its control. The only evidence presented was that Ms. Lamons prepared the notice of appeal in a timely manner. Since the envelope containing the notice of appeal was at all times in the control of the employer and timely delivery to the post office was not proven, the decision of the Board cannot be sustained. At most, the evidence shows that the late filing was beyond the control of Ms. Lamons. We therefore reverse the decision of the Board of Review and remand to reinstate the decision of the Appeal Tribunal.

Reversed and remanded.

PITTMAN and HART, JJ., agree.