SOUTH ARKANSAS DEVELOPMENTAL CENTER FOR CHILDREN AND FAMILIES *v.* DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, & Lorella Parker

E 05-300                                                     258 S.W.3d 803

Court of Appeals of Arkansas
Opinion delivered June 13, 2007

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Norwood Phillips*, for appellant.

*Allan Pruitt*, for appellee.

DAVID M. GLOVER, Judge. Appellant, South Arkansas Developmental Center for Children and Families, discharged appellee, Lorella Parker, from her job, alleging that she had mistreated a mentally retarded child at the center on at least two occasions. Parker's claim for unemployment benefits was initially denied by the Department of Workforce Services, and she appealed that determination to the Appeal Tribunal.

A telephonic hearing before the Appeal Tribunal was scheduled for September 13, 2005. Parker appeared by telephone along with a paralegal and a witness on her behalf. Appellant's representatives, Dr. Jim Kennedy and Sonja Eads, also appeared by telephone, but after learning that Parker had a paralegal with her, they advised the Appeal Tribunal that upon advice from their attorney, they would not proceed if the other party had legal representation. The hearing officer offered appellant's representatives the opportunity to contact their attorney, and he denied Kennedy's request for a postponement of the hearing. The hearing officer also advised them that he would proceed with the hearing, and that appellant would receive a copy of his decision in the mail. Appellant's representatives then hung up and did not participate in the hearing. Parker and her witness testified before the hearing officer. The hearing officer reversed the denial of unemployment benefits, finding that there was insufficient evidence that the complaints were factual or that Parker had shown deliberate disregard of the standards of behavior the employer had a right to expect. Appellant timely requested a reopening before the Appeal Tribunal to offer evidence as to why it did not appear at the hearing on September 13, 2005. The sole issue was whether appellant had good cause for failing to appear at the previous hearing and was entitled to have the matter reopened as provided for under Arkansas Code Annotated section 11-10-524(c) (Supp. 2003). The statute provides that the parties shall be promptly notified of the tribunal decision and that decision will be final unless appealed or a request for reopening is made pursuant to subsection (d). Subsection (d) provides, in pertinent part, that if any party fails to appear at the initial tribunal hearing, that party may request that the matter be reopened, and

requests for reopening shall be granted only upon a showing of good cause for failure to appear at the initial tribunal hearing.

At the hearing on appellant's request to reopen, Sonja Eads testified on behalf of appellant. She said that she and Jim Kennedy intended to participate in the last hearing, but that it was company policy that their legal counsel must be present any time a person is represented by legal counsel, and that they had to follow company policy and not participate. She said that there was no other reason why they did not participate in the hearing. Eads stated that she and Kennedy did not make arrangements with an attorney prior to the hearing because they did not know that they would need an attorney. Eads admitted that she did not contact anyone prior to the hearing to see if Parker would have an attorney present. Appellant's counsel, who appeared at the hearing, also noted on the record that factually, appellant's representatives appeared at the initial hearing, but did not participate in it.

The Appeal Tribunal denied appellant's request to reopen the matter, finding that while appellant's policy required its representatives to have legal counsel present whenever the other party had legal representation, appellant had neither contacted the Appeal Tribunal to see if Parker had legal representation nor had its counsel on standby in the event Parker had counsel at the hearing. The Appeal Tribunal reasoned that this was not good cause for failing to appear at the initial hearing.

Appellant appealed the Appeal Tribunal's decisions to the Board of Review. The Board affirmed the Appeal Tribunal's denial of appellant's request to reopen, as well as the grant of unemployment benefits to Parker. Appellant now appeals to this court. Appellant makes no argument on appeal with respect to the sufficiency of the evidence to support the award of benefits to Parker; rather, its only point on appeal is that "the Appeal Tribunal erred as a matter of law by affirming the denial of the hearing officer of the request of appellant for a continuance." We affirm.

The well-settled standard of review in unemployment cases was set forth in *Baldor Electric Co. v. Ark. Employment Sec. Dep't,* 71 Ark. App. 166, 168-69, 27 S.W.3d 771, 773 (2000) (citations omitted):

> On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evi-

dence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

In affirming the Appeal Tribunal's denial of the request for reopening, the Board of Review found that appellant had not shown good cause for not appearing at the initial hearing, stating:

> The employer chose to appear without counsel and without having counsel on standby, knowing that it would decline to participate if the opposing party was represented, without knowing whether or not the opposing party had counsel, and without knowing whether the Tribunal would be inclined to grant a postponement for it to obtain counsel. The employer should have been better prepared. It was the employer's own choice not to participate. Nothing else prevented the employer from participating in the hearing. The Board does not find that the employer has shown "good cause" for its failure to participate.

Appellant argues that the hearing officer's denial of the request for a continuance was arbitrary and capricious, and that it deprived appellant of the right to stand on an equal footing with Parker by obtaining its own legal counsel. We disagree because appellant was not entitled to have the case reopened. Arkansas Code Annotated section 11-10-524(d)(1) provides, "If any party fails to appear at the initial tribunal hearing scheduled as a result of an appeal, that party may request that the matter be reopened by the tribunal." As pointed out above, appellant's counsel specifically noted at the hearing on reopening that appellant's representatives had actually appeared at, but did not participate in, the initial hearing. The statute clearly states that a party may request a reopening if it *fails to appear* at the initial tribunal hearing. In this case, as appellant's counsel noted, appellant's representatives did not fail to appear at the initial hearing; rather they appeared but declined to participate in the hearing. Appellant is not entitled to have the case reopened because it did not fail to appear at the initial tribunal hearing.

Affirmed.

HART and GRIFFEN, JJ., agree.