SLIP OPINION

Cite as 2014 Ark. App. 706

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-419

| | | |
|---|---|---|
| | | Opinion Delivered DECEMBER 10, 2014 |
| RONALD BEGGS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION |
| V. | | [NO. 60DR-06-39] |
| ELIZABETH M. BEGGS | APPELLEE | HONORABLE RICHARD MOORE, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## KENNETH S. HIXSON, Judge

Appellant Ronald Beggs appeals from the trial court's denial of his motion to modify alimony. On appeal, Mr. Beggs asserts that there was a reduction in his income and that the trial court erred in refusing to reduce his alimony obligation to his ex-wife, appellee Elizabeth Beggs. We remand for the record to be settled and supplemented, and we order supplementation of the addendum.

Bringing forward a sufficient record to allow determination of the issues on appeal is the responsibility of the appellant. *Barnett v. Monumental Gen. Ins. Co.*, 354 Ark. 692, 128 S.W.3d 803 (2003). Arkansas Rule of Appellate Procedure–Civil 6(e) (2014) provides that, if anything material to either party is omitted from the record, the appellate court may, on its

SLIP OPINION

own initiative, direct that the omission be corrected and that a supplemental record be certified and transmitted.

Here, the record is incomplete because it does not include a copy of the divorce decree, which contains the alimony award Mr. Beggs is seeking to modify. *See Jewell v. Duree-Jewell*, 2011 Ark. App. 490. This document is essential to our understanding of the case. *Id.* Because that order is not contained in the record brought forward by Mr. Beggs, we remand this case to settle and supplement the record. Mr. Beggs has thirty days from the date of this opinion to file a supplemental record that includes the divorce decree.

Arkansas Supreme Court Rule 4–2(a)(8) (2014) requires that the addendum to the appellant's brief contain copies of non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal. In addition to the divorce decree being essential to our understanding of the case, the addendum must also contain an accurate copy of the appellant's motion to modify alimony and his notice of appeal.[1] We direct Mr. Beggs to file a supplemental addendum pursuant to Arkansas Supreme Court Rule 4–2(b)(4) (2014), which includes a copy of the divorce decree and complete copies of the motion to modify alimony and the notice of appeal. The supplemental addendum shall be filed within seven days after the supplemental record has been filed with this court.

---

[1]The addendum submitted by Mr. Beggs inadvertently omitted the second page of both his motion to modify alimony and his notice of appeal.

Remanded to settle and supplement the record; supplementation of the addendum ordered.

HARRISON and WOOD, JJ., agree.

*Holleman & Associates, P.A.*, by: *Maryna O. Jackson*; and *Dodds, Kidd & Ryan*, by: *David W. Kamps*, for appellant.

*Dover Dixon Horne PLLC*, by: *Gary B. Rogers*, for appellee.