Cite as 2020 Ark. App. 206

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** E-19-77

| | |
|---|---|
| DANNY BUGG | **Opinion Delivered:** April 1, 2020 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2019-BR-00214] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND CITY OF HOT SPRINGS | |
| APPELLEES | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Danny Bugg seeks review of the Arkansas Board of Review's (Board's) denial of his application for unemployment benefits. We affirm the Board's decision summarily.

This is the third occasion for this court to consider Bugg's appeal. In our first opinion in this case, *Bugg v. Director*, 2019 Ark. App. 137 (*Bugg I*),[1] we remanded the matter to the Board because it failed to rule on the specific argument Bugg presented on appeal: whether Bugg's employer, the City of Hot Springs, had the authority to interpret an email written by Bugg as expressing his intent to resign from his employment. *Id.* at 4. At the same time, we noted significant deficiencies in Bugg's abstract and addendum; however, we did not order rebriefing because we had previously granted Bugg's motion to file a nonconforming

---

[1]A recitation of the facts underlying Bugg's appeal may be found in this court's opinion in *Bugg I*.

brief. Instead, we cautioned Bugg that pro se litigants in Arkansas are held to the same standards as licensed attorneys and that similar or other deficiencies would not be overlooked in any subsequent filings with this court. *Id.* at 2 n.1.

Following this court's remand in *Bugg I*, the Board ruled on the specific questions Bugg presented, and Bugg once again appealed and submitted another unacceptable brief to this court. In *Bugg v. Director*, 2020 Ark. App. 41 (*Bugg II*), we ordered rebriefing to address a host of issues relating to Bugg's failure to correct the deficiencies that existed in his earlier presentation. We also advised Bugg that any deficiencies we identified were not meant to be taken as an exhaustive list, and we expressly cautioned him that if he failed to "cure the deficiencies listed above and *any others that may be discovered* on his review of our rules and his briefs, the [decision of the Board] may be affirmed for noncompliance with [Arkansas Supreme Court Rule 4-2 (2019)]. *Bugg II*, 2020 Ark. App. 41, at 6 (emphasis added).

Bugg has once more offered a brief to this court that does not comply with our rules or with our previous directives to him. For example, his abstract omits a crucial exchange. During Bugg's hearing before the Appeal Tribunal, the hearing officer posed a series of questions to Bugg concerning an email that he sent to the Hot Springs Chief of Police. This omitted exchange goes to the crux of Bugg's argument on appeal: what was his intent when he sent the email? In the email, Bugg stated that "January 5, 2018 would be as prime a day [as any] to make my exit from the City of Hot Springs." Bugg's employer interpreted this email as a statement of his intent to retire; Bugg disputed that this was his intent. In the omitted exchange, the hearing officer specifically asked, "Could someone look at that email and come to a different conclusion as to what your purpose may have been? . . . [W]as that

subject to any other type of interpretation?" Bugg agreed that it could be, "based on the person reading this." Asked specifically whether his employer could have interpreted the email to mean that he was resigning, Bugg conceded, "That's very possible." This exchange is omitted entirely from the abstract; therefore, the abstract does not comply with out rules.

Rule 4–2(a)(5)(A) requires the abstract to contain "[a]ll material information recorded in a transcript." Rule 4–2(a)(5)(B) directs the abstract to be "an impartial condensation" of that material information. Bugg has made "intent" the primary issue in this case, and he failed to abstract a critical portion of his testimony that is not favorable to his argument; thus, his abstract is not impartial. *See Adams v. Moody*, 2017 Ark. App. 686 (ordering rebriefing when the appellant's abstract included only testimony that was favorable to him).

Perhaps more critically, however, in his current brief, Bugg has failed to include his petition for review to this court in the addendum. In order to acquire jurisdiction, we must have a timely filing of a petition for review from a denial of unemployment benefits. *See Cockrell v. Dir.*, 67 Ark. App. 132, 133, 992 S.W.2d 181, 181 (1999). In other words, the petition for review in an unemployment-benefits appeal is the functional equivalent of a notice of appeal. Arkansas Supreme Court Rule 4–2(a)(8) requires that the addendum to the appellant's brief contain copies of nontranscript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction; the rule expressly states that the addendum must include *the notice of appeal*. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i); *see also Beggs v. Beggs*, 2014 Ark. App. 706; *Coulter v. Griffin*, 2013 Ark. App. 635, at 1 (ordering rebriefing when pro se appellant neglected to include her notice of appeal in the addendum because

"we must review [the notice of appeal] to determine the threshold question of whether our jurisdiction has been properly invoked").

In both *Adams, supra*, and *Coulter, supra*, we ordered rebriefing to address deficiencies in the appellants' abstracts and addenda. In the instant case, however, we have already given the appellant multiple opportunities to remedy the problems that were previously identified in his briefs. Because Bugg has failed to cure those deficiencies despite our warning in *Bugg II* about the consequences therefor, we summarily affirm the Board's decision upholding the denial of Bugg's application for unemployment benefits.

Affirmed.

GRUBER, C.J., and HARRISON, J., agree.

*Danny Bugg*, pro se appellant.

*Phyllis A. Edwards*, for appellee.